**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carmen Corrales-Gonzalez,               )<br>                                                          )<br>                    Plaintiff,            )<br>                                                          )<br>vs.                                                     )<br>                                                          )<br>Speed Auto Wholesalers LLC, et al.,  )<br>                                                          )<br>                    Defendants.         )<br>                                                          ) | No.  CV-20-02023-PHX-SPL<br><br>**ORDER** |

On June 6, 2022, the parties appeared before the Court for the Final Pretrial Conference in this matter. (Doc. 69). The parties indicated that they dispute whether the trial in this matter will be a jury or bench trial. In their Joint Proposed Pretrial Order, the parties indicate the following:

> The parties stipulate that the request [for a jury trial] was timely and properly made, but *Plaintiff* withdraw any demand for jury trial and *Plaintiff requests* to try this case to the Court (Bench Trial). Defendant seeks a jury trial.

(Doc. 59-1 at 17 (emphasis in original)). The Court finds that Plaintiff's request for a jury trial was indeed timely and properly made when Plaintiff included the request in his Complaint. (*See* Doc. 1 at 13 ("Plaintiff hereby demands a jury trial on all issues so triable.")); *see also Solis v. Cnty. of L.A.*, 514 F.3d 946, 953 (9th Cir. 2008) ("The rule also specifies that [a jury trial] demand may be indorsed upon a pleading of the party."). The Court further finds that Defendants properly relied on Plaintiff's jury trial demand and did not need to file a demand of their own. *See U.S. Sec. & Exch. Comm'n v. Jensen*, 835 F.3d

1100, 1107 (9th Cir. 2016) (noting that once on party has made a jury trial demand, the other parties may rely on that demand and need not file demands of their own). Plaintiff asserts that he withdrew his demand for a jury trial and now requests a bench trial. Defendants, on the other hand, maintain that they seek a jury trial.

A proper demand may not be withdrawn without the consent of *both* parties. Fed. R. Civ. P. 38(d). Rule 39 "sets forth the manner in which this consent may be granted." *Solis*, 514 F.3d at 954. Under Rule 39, once a jury trial demand is made, the trial *must* be by jury unless "the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record." Fed. R. Civ. P. 39. The stipulation should be clear, unambiguous, and made either (i) in writing and filed with the court or (ii) orally in open court and entered in the record. *Solis*, 514 F.3d at 955. Here, the Court has not received from the parties any written or oral stipulation to a bench trial, nor is there any evidence on the record that Defendants consented to a withdraw of Plaintiff's jury trial demand. Therefore, because Defendants are permitted to rely on Plaintiffs jury trial demand and because Defendants do not consent to Plaintiff's withdrawal of the demand, this Court finds that the trial in this matter shall be a jury trial.

Therefore, the Court orders the parties to jointly file the appropriate, required pretrial documents as they are described in this Court's April 7, 2022 Order Setting Final Pretrial Conference (Doc. 58). This includes the parties' Joint Stipulated Description of the Case, Joint Proposed Voir Dire Questions and Lists, Joint Proposed Jury Instructions, and Joint Proposed Forms of Verdict. (*See id.*). As the April 7, 2022 Order notes, such documents shall be filed on the docket *and* emailed to Logan_Chambers@azd.uscourts.gov in Microsoft Word® format. (*Id.* at 2). With the continued Final Pretrial Conference in this matter being set for June 21, 2022 at 3:00 p.m., the Court further orders that these pretrial documents be filed no later than June 17, 2022.

Also before the Court is Plaintiff's Motion for Reimbursement for Costs Incurred for Attending Final Pretrial Conference (Doc. 67). Plaintiff requests reimbursement in the amount of $1,083.02 for costs and expenses incurred for attending the Final Pretrial

Conference held on May 24, 2022, at which Defendants' counsel failed to appear. (*Id.* at 1–2). The Court has reviewed Plaintiff's Motion, as well as the filed copy of the executed fee agreement between Plaintiff and Plaintiff's counsel (Doc. 70) which supports Plaintiff's asserted counsel hourly rate of $475.00. Having reviewed these relevant documents, and having heard Defendants' arguments in opposition at the June 6, 2022 Final Pretrial Conference, the Court finds that Plaintiff's Motion (Doc. 67) shall be granted in its entirety.

Finally, in accordance with this Court's June 3, 2022 Order (Doc. 68) Plaintiff has filed a Notice (Doc. 71) with this Court, indicating that he intends to file a motion for default judgment against Defendant Raul Quintero. Plaintiff shall file such motion by no later than June 28, 2022.

Accordingly,

**IT IS ORDERED** that the trial in this matter shall be a jury trial.

**IT IS FURTHER ORDERED** that the parties shall **jointly file** the relevant, required pretrial documents in accordance with this Court's April 7, 2022 Order (Doc. 58) by **no later than June 17, 2022**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reimbursement (Doc. 67) is **granted**. Defendants are directed to reimburse Plaintiff in the amount requested in the Motion—**$1,083.02**.

**IT IS FURTHER ORDERED** that Plaintiff, if he chooses to do so, shall file the motion for default judgment against Defendant Quintero by **no later than June 28, 2022**.

Dated this 6th day of June, 2022.

Honorable Steven P. Logan
United States District Judge