**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carmen Corrales-Gonzalez,<br><br>    Plaintiff,<br><br>vs.<br><br>Speed Auto Wholesalers LLC, et al.,<br><br>    Defendants. | No. CV-20-02023-PHX-SPL<br><br>**ORDER** |

  On September 8, 2022, this Court issued an Order (Doc. 93) granting Plaintiff Carmen Corrales-Gonzalez's Motion for Default Judgment (Doc. 83). Specifically, the Court entered default judgment against Defendant Raul Quintero as to Plaintiff's claim for violation of the Odometer Act, 49 U.S.C. § 32701, *et seq.* (*Id.* at 8–9). In doing so, the Court awarded Plaintiff $71,899.00 in actual damages, $3,467.50 in reasonable attorneys' fees, and $221.53 in costs. (*Id.*).

  Having reviewed this Court's issued Order, the Court has determined that it must vacate in part the Order to the extent it awarded actual damages to Plaintiff because Plaintiff failed to provide sufficient support for the requested damages amount. In deciding whether to grant default judgment, courts are to presume the truth of all well-pleaded factual allegations related to liability. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). Courts are *not*, however, permitted to presume as true any allegations related to damages. *Id.* Rather, a plaintiff "is required to prove all damages sought in the complaint, and the court must ensure that the amount of damages is reasonable

and demonstrated by the evidence." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (citing Fed. R. Civ. P. 55(b); Fed. R. Civ. P. 8(b)(6); *TeleVideo*, 826 F.2d at 917–18).

Here, this Court presumed as true all well-pleaded factual allegations made by Plaintiff and properly entered default judgment in Plaintiff's favor as to Defendant Quintero. As to damages, however, this Court failed to ensure that Plaintiff sufficiently supported the requested damages award with evidence. In the Motion, Plaintiff asserted that he suffered actual damages in the total amount of $23,963.00. (Doc. 83 at 8). Plaintiff asserted that this amount represented the difference in value of the vehicle as represented and the true value of the vehicle when it was sold to Plaintiff. (*Id.*). Pursuant to the Odometer Act, the amount was trebled to reach the final $71,889.00 statutory damages figure. *See* 49 U.S.C. § 32710(a) ("A person that violates this chapter . . . with intent to defraud, is liable for 3 times the actual damages or $10,000, whichever is greater.").

Having reviewed Plaintiff's Motion and its supporting documents, the Court now finds that Plaintiff failed to prove that the $23,963.00 damages amount was reasonable or otherwise demonstrate with evidence how that amount was determined. Plaintiff noted that he paid $52,731.00 for the vehicle but failed to demonstrate how he calculated that this purchase price was apparently $23,963.00 *more* than the vehicle's true value. Rather, Plaintiff merely cited to the Complaint's conclusory assertion of $23,963.00 in actual damages. (Doc. 83 at 5, 8 (citing Compl. ¶85)). Thus, this Court must vacate its Order to the extent that it awarded damages to Plaintiff and deny Plaintiff's request for $71,889.00 in actual damages. The partial denial is without prejudice, however, as this Court's finding as to liability stands and statutory damages are therefore mandatory under the Odometer Act. *See* 49 U.S.C. § 32710(a).

Accordingly,

**IT IS ORDERED** that this Court's September 8, 2022 Order (Doc. 93) is **vacated in part** to the extent it awarded Plaintiff $71,889.00 in actual/statutory damages.

///

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 83) is **denied in part without prejudice** to the extent it seeks $71,889.00 in actual/statutory damages. Plaintiff is hereby ordered to file supplemental briefing—no more than two (2) pages in length—and any relevant supporting documents necessary to sufficiently demonstrate that the requested $23,963.00 in actual damages is both reasonable and supported by evidence. Such supplemental briefing and supporting documents shall be filed by **no later than September 9, 2022 at 5 p.m.** The Court will then issue a ruling as to the appropriate award of actual damages in due course.

Dated this 8th day of September, 2022.

Honorable Steven P. Logan
United States District Judge