**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carmen Corrales-Gonzalez,<br><br>    Plaintiff,<br><br>vs.<br><br>Speed Auto Wholesalers LLC, et al.,<br><br>    Defendants. | No. CV-20-02023-PHX-SPL<br><br>**ORDER** |

  On September 8, 2022, this Court issued an Order (Doc. 93) granting Plaintiff Carmen Corrales-Gonzalez's ("Plaintiff") Motion for Default Judgment (Doc. 83). Specifically, the Court entered default judgment against Defendant Raul Quintero as to Plaintiff's claim for violation of the Odometer Act, 49 U.S.C. § 32701, *et seq*. (Doc. 93 at 8–9). In doing so, the Court awarded Plaintiff $71,899.00 in actual damages, $3,467.50 in reasonable attorneys' fees, and $221.53 in costs. (*Id.*).

  In a separate Order (Doc. 94) also filed on September 8, 2022, this Court vacated in part its Order granting default judgment to the extent it awarded Plaintiff actual damages. (*Id.* at 2–3). The Court reasoned that Plaintiff had failed to provide sufficient evidence to support the requested damages amount. (*Id.* at 1). Given that the Court's finding with respect to Defendant Quintero's liability, however, was *not* disturbed—and because statutory damages are mandatory upon a finding of liability under the Odometer Act, *see* 49 U.S.C. § 32710(a)—this Court's denial of damages with without prejudice and Plaintiff was ordered to file supplemental briefing and supporting documentation sufficiently

demonstrating that the amount of actual damages sought—$23,963.00—was both reasonable and supported by evidence. (*Id.* at 2–3). On September 9, 2022, Plaintiff timely filed such supplemental briefing and supporting documentation. (Doc. 95). The Court now reviews Plaintiff's filing and issues this Order as to the appropriate award of actual damages in this case.

Plaintiff explains that the original requested amount of $23,963.00 in actual damages, trebled to $71,889.00 per the statute, "came from the allegation in paragraph 83 of the Complaint, (Doc. 1) which was an estimation at the time of Plaintiff's actual damages made prior to hiring a valuation expert." (Doc. 95 at 1). Plaintiff now requests actual damages in the amount of $26,323.00. (*Id.*). Plaintiff supports the $26,323.00 figure with a Valuation Report authored by Robert K. Isham, the Vice President of Collision Safety Consultants of Arizona, LLC and the individual chosen by Plaintiff to serve as an expert witness in this matter. (Doc. 95-1 at 2). Mr. Isham concluded that the Jeep's value "was reduced by 50% or half of the price paid ($33,450), a loss of $16,725.00." (*Id.* at 55). Plaintiff asserts that this amount is supported by the trade-in value of $15,000 that Lifted Trucks gave to Maira Perez when she sold the Jeep to Lifted Trucks. (Doc. 95 at 2). In addition to the $16,725.00 loss in value, Plaintiff also explains that the damages award should include the amount he overpaid in sales tax ($1,403.63), the amount he overpaid in finance charges or interest ($7,699.37), and the amount he paid for the Dealer Documentary Fee ($495). These figures are supported by Mr. Isham's Report and the other documentary evidence submitted by Plaintiff. Adding everything together, Plaintiff now requests $26,323.00 in actual damages, which is an increase of $2,360.00 from the figure requested in Plaintiff's original Motion for Default Judgment.

The Court finds that Plaintiff has sufficiently supported his actual damages request with briefing and supporting documents showing that the damages figure is both reasonable and supported by the evidence. That said, the Court will only award Plaintiff damages up to the amount requested in the original Motion—$23,963.00—because Plaintiff should not be rewarded for failing to adequately support his actual damages the first time around.

Plaintiff had a duty to prove the damages sought in his Motion for Default Judgment. Plaintiff made no effort to meet that duty and instead merely relied on the damages "estimate" from his original Complaint. As a result, this Court was unable to carry out its own duty to "ensure that the amount of damages is reasonable and demonstrated by the evidence." *See Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (citing Fed. R. Civ. P. 55(b); Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987)). This Court ordered Plaintiff to provide proof for his damages request so that this Court could carry out its own duty to determine the appropriate damages award in this case, *not* so that Plaintiff would have the opportunity to go back, consult his expert, and ask for *more* money the second time around.

Plaintiff shall be awarded $23,963.00 in actual damages. Under the Odometer Act, that amount is trebled for a final damages award of $71,889.00. *See* 49 U.S.C. § 32710(a) ("A person that violates this chapter . . . with intent to defraud, is liable for 3 times the actual damages or $10,000, whichever is greater.").

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 83) is **granted in part** to the extent it seeks $71,889.00 in actual/statutory damages. Plaintiff shall be awarded **$71,889.00 in actual damages** pursuant to 49 U.S.C. § 32710(a).

**IT IS FURTHER ORDERED** that this Court's September 8, 2022 Order (Doc. 93) is **reaffirmed and upheld** in all other respects—namely, as it relates to this Court's entry of default judgment in favor of Plaintiff against Defendant Quintero and as it relates to this Court's findings with respect to the award of reasonable attorneys' fees and costs.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment against Defendant Quintero accordingly.

Dated this 13th day of September, 2022.

Honorable Steven P. Logan
United States District Judge